**The below described is SIGNED.**

Dated: July 21, 2014





**JOEL T. MARKER**
**U.S. Bankruptcy Judge**

---

*Prepared and Submitted By:*
George Hofmann (10005)
Steven C. Strong (6340)
Jonathan S. Firmage (14174)
**Parsons Kinghorn Harris**
A Professional Corporation
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: (801) 363-4300

Attorneys for Philip G. Jones,
Chapter 7 Trustee

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re<br><br>MARK RINDLESBACH,<br><br>Debtor. | Bankruptcy No.  13-30552 (JTM)<br><br>Chapter 7 |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN CONNECTION WITH THE TRUSTEE'S MOTIONS FOR ORDER APPROVING: (1) SETTLEMENT BETWEEN THE TRUSTEE AND THE HARDY PARTIES AND (2) SETTLEMENT BETWEEN THE TRUSTEE AND THE LEXON PARTIES**

Before the Court are the following motions: (1) Trustee's Motion for Order Approving Settlement Between the Trustee and the Hardy Parties [Docket No. 291] (the "Hardy Motion") and (2) Trustee's Motion for Order Approving Settlement Between the Trustee and the Lexon Parties [Docket No. 292] (the "Lexon Motion") (collectively, the

"Motions") filed by Philip G. Jones, in his capacity as Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Mark Rindlesbach (the "Debtor").  Through the Motions the Trustee requests that the Court approve the settlement agreements (the "Agreements") between the Trustee and The Ruth B. Hardy Revocable Trust, Delcon Corporation Profit Sharing Plan fbo A. Wesley Hardy, Finesse P.S.P., MJS Real Properties, LLC, Uintah Investments, LLC, David D. Smith, Steven Condie, David L. Johnson, Berrett PSP, VW Professional Homes PSP, Ty Thomas, and D.R.P. Management PSP (collectively, the "Hardy Parties") and between the Trustee and Lexon Surety Group, LLC, Bond Safeguard Insurance Company, and Lexon Insurance Company (collectively, the "Lexon Parties").

The Court held an evidentiary hearing on the Motions on July 2, 2013 (the "Hearing"), with appearances of counsel noted on the record.  At the Hearing, the Court considered the Motions, the supporting and opposing memoranda of law, the testimony of witness, the exhibits admitted into evidence, the arguments of counsel, and other matters the Court deemed appropriate.  At conclusion of the Hearing, all objections to the Motions had been withdrawn or overruled.  Accordingly, the Court hereby **FINDS AND CONCLUDES**[1] as follows:

    A.    The Court has jurisdiction over the Motions pursuant to 28 U.S.C. §§ 157 and 1334;

    B.    The Motions are core proceedings pursuant to 28 U.S.C. § 157(b)(2);

---

[1] Findings of Fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

{00194991.DOCX /}

C. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409;

D. The Motions seek, among other things, an order approving the Agreements under the terms explained in the Motions and defined in the Agreements;

E. Proper and adequate notice of the Motions and the Hearing was given, and no other or further notice is necessary;

F. A reasonable opportunity to object and to be heard regarding the relief requested in the Motions has been afforded to all creditors and parties in interest;

G. At the Hearing, the only party to object to approval of the Motions was the Debtor;

H. While it is unclear whether the Debtor has standing to object to the Motions, the Court heard and considered the Debtor's objection to the Motions;

I. The relief requested in the Motions is in the best interest of the Debtor, the Debtor's bankruptcy estate (the "Estate") and creditors, and is a sound exercise of the Trustee's business judgment;

J. The Hardy Parties and the Lexon Parties have filed substantial claims against the Estate;

K. Through the Agreements, the Trustee resolves the claims of the Hardy Parties and Lexon Parties while providing a distribution to other general unsecured creditors;

L. In explaining his reasoning for reaching the Agreements, the Trustee has shown that he is taking his obligations as trustee seriously and is fulfilling his duties,

3

including investigating the issues and assets related to this case, liquidating assets, identifying the purposes and objectives that would be served through the Agreements, and seriously considering whether he should oppose the Debtor's discharge;

M. Furthermore, The Trustee has identified and explained the <u>Kopexa</u> factors he considered in reaching his decision and how these factors influenced him to enter the Agreements, including:

i. The risk of not prevailing in the numerous matters of litigation between the parties;

ii. The expense of litigating the matters and potential for expense if the Agreements are not approved;

iii. The extremely limited funds available to the Trustee for administration of the Estate and for distribution to creditors; and

iv. The benefit to unsecured creditors;

N. The only evidence presented at the hearing was in support of approving the Agreements;

O. The two creditors asserting the largest claims against the Estate support approval of the Agreements;

P. The Trustee properly has employed his business judgment in reaching his decision to enter the Agreements;

Q. The Trustee has full power and authority to execute documents and take such other actions as may be necessary or appropriate to consummate the Agreements;

R. Additional findings of fact and conclusions of law relating to the Motions were made on the record during the evidentiary hearing held on July 2, 2014, and such findings of fact and conclusions of law are incorporated herein by reference.

**---END OF ORDER---**

**DESIGNATION OF PARTIES TO BE SERVED**

Service of the foregoing **FINDINGS OF FACT AND CONCLUSIONS OF LAW IN CONNECTION WITH THE TRUSTEE'S MOTIONS FOR ORDER APPROVING: (1) SETTLEMENT BETWEEN THE TRUSTEE AND THE HARDY PARTIES AND (2) SETTLEMENT BETWEEN THE TRUSTEE AND THE LEXON PARTIES** shall be served to the following parties in the manner designated below:

**By Electronic Service to the Following:**

- Matthew L. Anderson    manderson@fabianlaw.com, mbeck@fabianlaw.com
- Jesse A.P. Baker    ecfutb@piteduncan.com, jbaker@piteduncan.com
- Jonathan Firmage    jsf@pkhlawyers.com
- Peter W. Guyon    pguyon@yahoo.com
- Arnold L. Graff    agraff@piteduncan.com, ecfutb@piteduncan.com
- George B. Hofmann    gbh@pkhlawyers.com, dh@pkhlawyers.com;tm@pkhlawyers.com
- Philip G. Jones tr    PGJonesT@theomphalos.com, pjones@ecf.epiqsystems.com
- Stacy J McNeill    smcneill@btjd.com
- Mark S. Middlemas    ecfmaildistgroup@lundbergfirm.com, lundbergBK@gmail.com,mark.middlemas@lundbergfirm.com
- John T. Morgan tr    john.t.morgan@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- David L. Pinkston    bankruptcy_dlp@scmlaw.com
- Jeremy C. Sink    jsink@mbt-law.com
- Steven C. Strong    scs@pkhlawyers.com, jh@pkhlawyers.com
- James C. Swindler    jcs@princeyeates.com, carolp@princeyeates.com
- Paul James Toscano    ptoscano@expresslaw.com, ptpcecf@gmail.com
- James K. Tracy    jtracy@btjd.com, docketing@btjd.com;aellis@btjd.com
- United States Trustee    USTPRegion19.SK.ECF@usdoj.gov
- Mark S. x2Middlemas    ecfmaildistgroup@lundbergfirm.com, kent.plott@lundbergfirm.com;lundbergbk@gmail.com
- Alan F. Mecham    mechamlaw@hotmail.com

**By U.S. Mail:** In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b): **first-class, postage prepaid to the following:**

Bradley W. Christopherson
Hayes Godfrey Bell, P.C.
2118 East 3900 South

6

{00194991.DOCX /}

Suite 300
Salt Lake City, UT 84124

Todd J. Godfrey
Mazuran & Hayes
2118 East 3900 South
Suite 300
Salt Lake City, Utah 84121

Mark Hashimoto
Piercy Bowler Taylor & Kern
9980 South 300 West Ste 200
Sandy, UT 84070

Mark A. Springer
Springer & Company, PLLC
3 Snow Forest Lane
Sandy, UT 84092

/s/ Jonathan S. Firmage